PATTERSON, Judge.
Appellants Robert and Louise Koschler challenge a final judgment quieting title to real property in favor of appellee Robert L. Dean, as the personal representative of the estate of William H. Dean, deceased, and determining that the Koschlers’ mortgage is invalid. We reverse. •
On March 1, 1966, a warranty deed dated February 28, 1966, was recorded in Official Records Book 2338, Page 337, Public Records of Pinellas County, conveying the property at issue, a residence, to ‘William H. Dean and Mary Dean, his wife.” At that time, William and Mary were divorced. On February 28, 1966, Mary was actually married to Al Agnesson. That marriage was dissolved by a final judgment of dissolution dated April 12,1966. William and Mary then remarried on June 21,1966. They resided in the residence, as husband and wife, until April 14, 1987, when Mary moved out. They remained married, living separately, until William’s death on May 28, 1990. William had continued to reside in the residence during this time.
Subsequent to leaving William, Mary took up residence with Carmen Ciprianno and held herself out to be his wife, using the name Mary Ciprianno. On August 17, 1990, Carmen and Mary gave a mortgage on the residence in the amount of $22,000 to the Koschlers. As of that date, there were no documents recorded in the chain of title subsequent to the warranty deed purporting to convey title to William and Mary as husband and wife. Artie Rehkopf, who conducted a title search, determined title to be vested in Mary as William’s surviving spouse. At the closing, Mary and Carmen executed an affidavit stating that no other person had a legal or equitable interest in the property.
Unknown to the Koschlers, Robert Dean, as personal representative, had commenced an adversary proceeding in the probate division of the circuit court against Mary, challenging her interest in the property and seeking a declaration that she was not entitled to participate in William’s estate as an heir. In conjunction with that proceeding, Robert Dean, on August 16, 1991, had filed a notice of lis pendens against the property in the probate division of the court. He did not, however, have the lis pendens recorded in the official records until January 11, 1992, approximately three weeks after obtaining a judgment in the adversary proceeding which divested Mary of any interest in William’s estate. On October 28, 1991, Robert Dean instituted an action against the Koschlers to quiet title to the property in the estate. The Koschlers counterclaimed to foreclose their mortgage. After a nonjury trial, the trial court entered judgment in favor of the estate.
When conducting the title search, Rehkopf searched the name Dean; the title company also requested that he search the name “Ci-prinno,” a misspelling of the name Ciprianno. If he had searched under the correct spelling, he would have found numerous documents, including a false affidavit by Mary alleging that she was married to Carmen. None of these documents, however, fall within the chain of title of William’s residence or in any way bear upon that chain of title. The trial court attributed this error to the Kos-chlers through their agent Rehkopf and de *1121 termined they were not bona fide mortgagees for value. This was error.
The issue presented here goes to the heart of the reliability of the chain of title to real property. A purchaser, or in this case a mortgagee, dealing with the record owner of real property may rely on the chain of title found in official records in the absence of actual knowledge of an adverse unrecorded right. Buck v. McNab, 139 So.2d 734 (Fla. 2d DCA), cert. denied, 146 So.2d 374 (Fla.1962). Here, the chain of title fully confirmed Mary’s false affidavit that there were no adverse legal or equitable claims to the property. The appellants were entitled to rely on that representation even if its falsity might have been discovered by relentless and far-reaching further investigation. See Besett v. Basnett, 389 So.2d 995 (Fla. 1980). The fault lies with Robert Dean, who filed his notice of lis pendens in the probate division a day before this transaction closed and failed to cause it to be recorded in the official records until five months later. Documents filed in the probate division of the court do not constitute constructive notice to purchasers for value of real property. Pierson v. Bill, 138 Fla. 104, 189 So. 679 (1939).
We reverse the final judgment and remand for further proceedings consistent with this opinion.
FRANK, C.J., and QUINCE, J., concur.