FLETCHER, Judge.
Roy Hardemon appeals from a final order and judgment quieting title in favor of United Companies Lending Corporation [United], We affirm.
Roy Hardemon and his girlfriend, Jacquelyn Harris, purchased a home in 1992 as tenants in common. In 1994, Harde-mon was incarcerated as a result of a violent domestic dispute with Harris, and Hardemon was subsequently charged with aggravated battery and attempted kidnapping. Hardemon allegedly proposed to Harris that she drop the criminal charges and pursue no further action and, in exchange, Hardemon would execute a quit claim deed to the property. Harris apparently agreed, for on the same day that Hardemon was released from county jail, he conveyed to Harris by notarized quit claim deed his one-half interest in the property. Harris dropped her complaint, the State nolle prossed all charges against Hardemon, and Harris recorded the deed in the public records in April 1994.
Nearly three months after the deed was recorded, United extended a loan to Harris secured by a first mortgage on the property. United performed a title search which revealed that Harris was the sole and exclusive record owner at the time. United recorded the mortgage. In June 1994, almost one month after the mortgage was recorded, Hardemon filed a suit against Harris (not joining United), and obtained a default judgment against Harris which set aside the quit claim deed on Hardemon’s claim that his signature was forged. Harris never contested the action.
The current action was initiated by United seeking to quiet title to the property. A non-jury trial included testimony from the notary that it was indeed Hardemon who signed the quit claim deed. The trial *1232 court (same judge that previously granted the default to Hardemon) entered a final order and judgment quieting title in favor of United, and set aside the previous default order nunc pro tunc to the date of its original entry. Hardemon has appealed this judgment.
Based on evidence presented to the trial court, United was a bona fide purchaser without notice of any alleged irregularities in the public record chain of title, and it is protected from claims outside that chain of title. See Section 695.01(1), Florida Statutes (1995); see, e.g., Koschler v. Dean, 642 So.2d 1119 (Fla. 2d DCA 1994)(purchaser or mortgagee, dealing with the record owner of real property, may rely on the chain of title found in official records in the absence of actual knowledge of an adverse unrecorded right). After a thorough review of the record, we can find no error below and affirm the judgment of the circuit court.
Affirmed.