# Third District Court of Appeal

## State of Florida

Opinion filed October 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0866
Lower Tribunal No. 21-20012-CA-01
_____

**Faye Sosna, et al.,**
Appellants,

vs.

**U.S. Bank National Association, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Bushell Law, P.A., and Daniel A. Bushell (Fort Lauderdale), for appellants.

Levine Kellogg Lehman Schneider + Grossman LLP, and Matthew J. McGuane; McGlinchey Stafford, and Kimberly Held Israel (Jacksonville), for appellee.

Before FERNANDEZ, MILLER and GOODEN, JJ.

PER CURIAM.

Affirmed. See Navarro v. Borges, 388 So. 3d 1044, 1046 (Fla. 3d DCA 2024) (stating that this Court reviews the trial court's entry of summary judgment *de novo*); § 695.01(1), Florida Statutes (2019) ("No conveyance, transfer, or mortgage of real property, or of any interest therein, nor any lease for a term of 1 year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law."); Soknoh Partners, LLC v. Audio Visions S., Inc., 319 So. 3d 175, 179 (Fla. 2d DCA 2021) ("To be a bona fide purchaser, a buyer must have 'had no knowledge of the claimed interest against the challenged property at the time of the transaction.'" (citation omitted) (emphasis in original)); McCahill v. Travis Co., 45 So. 2d 191, 193 (Fla. 1950) ("In construing the above statute we have held on many occasions that subsequent purchasers, acquiring title without notice of a prior unrecorded deed, mortgage or transfer of real estate, or any interest therein, will be protected against such unrecorded instrument, unless the party claiming thereunder can show that such subsequent purchaser acquired title *with actual notice* of such unrecorded conveyance. The burden of showing such notice by law is placed upon the party claiming under such unrecorded instrument. The presumption in such a case being that such subsequent purchaser acquired his title in good faith and without

notice of the prior unrecorded conveyance." (emphasis in original)); <u>Koschler v. Dean</u>, 642 So. 2d 1119, 1121 (Fla. 2d DCA 1994) ("A purchaser, <u>or in this case a mortgagee</u>, dealing with the record owner of real property may rely on the chain of title found in official records in the absence of actual knowledge of an adverse unrecorded right." (emphasis added)).